UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>OTIS R. ELION,<br><br>        Defendant. | Case No. 16-cr-40046-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 54) and its supplement (Doc. 55).

The First Step Act expanded the existing compassionate release provisions of federal law by opening the door for a defendant to move for compassionate release rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>             (i) extraordinary and compelling reasons warrant such a reduction. . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

The exhaustion of remedies portion of this statute provides that the defendant may file a motion

for compassionate release after the earlier of two events: (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." As a practical matter, (2) will almost always provide the relevant exhaustion mark because it is virtually impossible to exhaust the BOP's comprehensive administrative remedy process within 30 days. Thus, the Court asks whether the defendant waited 30 days after the warden received his request before filing this motion.

The 30-day period is mandated by statute and is therefore not waivable or excusable by the Court. Exhaustion requirements may be waived or excused if Congress does not mandate them. For example, in *McCarthy v. Madigan*, 503 U.S. 140, 146-49 (1992), the Supreme Court held that exhaustion was waivable for *Bivens* actions at the court's discretion in special circumstances. However, that was before Congress mandated exhaustion in the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a), and the *McCarthy* Court noted, "Where Congress specifically mandates, exhaustion is required," *McCarthy*, 503 U.S.. at 144. This was borne out in *Ross v. Blake*, 136 S. Ct. 1850 (2016), a post-PLRA case. There, the Supreme Court held that, in light of Congress's clear mandate of exhaustion in the PLRA, a court has no discretion to excuse the failure to exhaust available administrative remedies. *Id.* at 1856-57.

The same is true for Congress's clear exhaustion requirement for the First Step Act's compassionate release provision. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding defendant's failure to exhaust "presents a glaring roadblock foreclosing compassionate release"); *see United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *5 (6th Cir. June 2, 2020); *United States v. Banks*, No. 03-cr-40019-JPG, 2020 WL 3077316, at *2 (S.D. Ill. June 10, 2020); *but see Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring in judgment). Where an inmate

has not satisfied either option for exhausting his administrative remedies for compassionate release *before* filing his motion, the Court should deny the defendant's motion without prejudice to another motion filed *after* exhaustion.   *Alam*, 2020 WL 2845694, at *5.

Elion's filings show that he had not exhausted his administrative remedies when he filed his motion.   On or around May 24, 2020, Elion tried to informally resolve his request for the BOP to move for his compassionate release, the first step in the administrative remedy process.   Sometime after that, the warden received Elion's request, and he denied in on June 13, 2020.   However, Elion filed his motion for compassionate release on or about June 2, 2020, well before 30 days could have passed from his request to the warden.   It is clear that Elion filed his motion for compassionate release before completing either of the methods for exhaustion listed in the First Step Act, so his motion is premature.

Accordingly, the Court **DENIES** the defendant's motion (Doc. 54) **without prejudice** to another motion filed *after* fully exhausting all administrative rights to appeal a failure of the BOP to bring a motion *or* the lapse of 30 days from the date the warden received his request, whichever is earlier.   Because it appears 30 days have passed since the defendant's request to the warden, he is free to file another motion now.

**IT IS SO ORDERED.**
**DATED:   July 27, 2020**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**