UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

OTIS R. ELION,

        Defendant.

Case No. 16-cr-40046-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Otis R. Elion's *pro se* motion for a sentence reduction for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 87).  The Government has responded with a motion to deny Elion's motion or stay a decision pending two anticipated Supreme Court decisions (Doc. 89), and Elion has responded to that motion (Doc. 90).

**I.      Compassionate Release**

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move.  First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).  The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release.  Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

> (1) in any case—
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>> (i) extraordinary and compelling reasons warrant such a reduction. . .
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for a sentence reduction. *United States v. Williams*, 62 F.4th 391, 393 (7th Cir. 2023); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise, the warden is not equipped to properly consider the defendant's request. Additionally, the Court should give substantial weight to the BOP's analysis, if there is any, regarding "extraordinary and compelling reasons" in any particular case. *Gunn*, 980 F.3d 1180.

The final clause of § 3582(c)(1)(A) requires the Court to consider whether a sentence reduction would be consistent with U.S.S.G. § 1B1.13 (2023) (effective Nov. 1, 2023), the policy statement applicable to motions filed by the BOP Director or the defendant. That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2) (2023).[2] The policy statement further

---

[2] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

defines "extraordinary and compelling reasons" to include, alone or in combination, as relevant for this case:

> **(6) Unusually Long Sentence.**—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b) (2023).

The guideline further states that non-retroactive changes in the law may not be considered in determining whether an extraordinary and compelling reason exists, but they may be considered in determining the extent of a reduction where other extraordinary and compelling reasons exist.  U.S.S.G. § 1B1.13(c) (2023).  The guideline also provides that the rehabilitation of the defendant cannot, by itself, be an extraordinary and compelling reason, but it may be considered in connection with other reasons in determining whether and to what extent the Court should grant a reduction.  U.S.S.G. § 1B1.13(d) (2023).

Thus, for a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, he must have exhausted his administrative remedies,[3] and the Court must find that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant a reduction.  18 U.S.C. § 3582(c)(1)(A).  The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden.  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180.  The Court must ensure that any

---

[3] The exhaustion requirement is not jurisdictional and may be waived by the Government.  *Gunn*, 980 F.3d at 1179.

reduction complies with U.S.S.G. § 1B1.13 (2023).

## II.    Analysis

In November 2016, Elion was indicted on three counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  He was arrested on November 8, 2016, and was detained thereafter.  In January 2017, he pleaded guilty to all three charges.  At the defendant's sentencing in April 2017, the Court found that Elion was a career offender based on prior convictions for three prior controlled substance offenses.  *See* U.S.S.G. § 4B1.1.[4]  The Court sentenced him to serve 167 months in prison on all counts, to run concurrently with each other but consecutively to a 33-month sentence for revocation of supervised release in an earlier federal drug case, *United States v. Elion*, No. 06-cr-40061-JPG. Elion appealed but voluntarily dismissed the appeal.

In a § 2255 motion, Elion challenged the adequacy of his trial counsel's performance because she failed to challenge whether, under the categorical approach, two of his prior state convictions for "look-alike" substances could support career offender status.  The Court of Appeals concluded that they could not, *Elion v. United States*, 76 F.4th 620, 634 (7th Cir. 2023), but that counsel's performance was nevertheless not deficient, *Elion v. United States*, 155 F.4th 889, 907 (7th Cir. 2025), so Elion was not entitled to § 2255 relief.

Elion is currently 57 years old and is incarcerated in the Federal Medical Center at Lexington, Kentucky.  His current release date is April 5, 2029.  Find an Inmate, https://www.bop.gov/inmateloc/ (visited Mar. 10, 2026).

Elion has already filed two other motions for compassionate release.  The Court denied the first for failure to exhaust administrative remedies (Doc. 56).  It denied the second on the

---

[4] Unless otherwise noted, all references to the U.S.S.G. are to the 2016 version.

merits, finding that Elion's age and health condition were not extraordinary and compelling reasons for relief and that he was still too much of a danger to the safety of the community to be released (Doc. 78).

In his third motion for compassionate release, filed December 1, 2025, Elion asks the Court to grant relief because, as noted in his § 2255 proceedings, under current law his prior convictions would not qualify him as a career offender. He also argues he has been rehabilitated as evidenced by his good disciplinary record, his institutional employment history, and the education and programing he has taken. He suggests that any further incarceration will provide little additional deterrence. He expresses remorse for his crimes and asks the Court to reduce his sentence to one it would have imposed had he not been a career offender.

In its response motion, the Government asks the Court to deny Elion's motion because, under the applicable Guideline policy statement, changes in the law cannot serve as an extraordinary and compelling reason for compassionate release unless he has an "unusually long sentence" ("ULS") under U.S.S.G. § 1B1.13(b)(6). However, Elion has not yet served 10 years of his sentence, which is required before a ULS can qualify as an extraordinary and compelling reason for relief. Alternatively, the Government asks the Court to stay consideration of Elion's motion pending Supreme Court decisions in *Rutherford v. United States*, No. 24-820, *cert. granted* (June 6, 2025), and *Fernandez v. United States*, No. 24-556, *cert. granted* (May 27, 2025), regarding the validity of the ULS provision.

The Court declines to delay its decision on Elion's motion because, regardless of the outcome of the Supreme Court's cases, he has not established an extraordinary and compelling reason for relief consistent with the Guideline ULS policy statement even if it is valid.

The Guidelines are clear that, generally, a change in the law is not an extraordinary and

compelling reason for relief.  U.S.S.G. § 1B1.13(c).  The one exception to that rule is under U.S.S.G. § 1B1.13(b)(6) where the defendant received a ULS and a change in the law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  However, for this provision to apply, a defendant must have served at least 10 years of his term of imprisonment.  Elion has not yet done that.  He was first detained for the instant offense on November 8, 2016, and he filed the pending motion on December 1, 2025, less than 10 years later.  Even if the Court were to use the date of this order as the relevant date, Elion still comes up short.  There is no need to prolong the outcome of this motion for the Supreme Court to decide the validity of the ULS provision because Elion could not take advantage of it anyway because his motion was too early.

III.     **Conclusion**

For these reasons, the Court **DENIES** Elion's motion for a § 3582(c)(1)(A) sentence reduction (Doc. 87) and **DENIES**  the Government's motion **as moot** in light of this ruling (Doc. 89).  Elion may reapply for compassionate release after exhausting his administrative remedies should the Supreme Court determine the ULS provision is valid and should it or any other circumstance provide an extraordinary and compelling reason for relief.

**IT IS SO ORDERED.**
**DATED:  March 11, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**